UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRCT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No.: 15-48795
                                                    Chapter 7
Tyawanna D. Mayes,                                  Hon. Mark A. Randon

    Debtor.
_____/

Daniel M. McDermott,

    Plaintiff,

v.                                                  Adversary Proceeding
                                                    Case No.: 18-04401
Tyawanna D. Mayes,

    Defendant.
_____/

## OPINION AND ORDER DENYING
## DEBTOR'S MOTION TO SET ASIDE DEFAULT JUDGMENT

**I.    INTRODUCTION**

Tyawanna D. Mayes ("Debtor") failed to schedule or disclose a $5,000.00 pair of diamond earrings, received as a gift from her fiancé. But four days before converting to Chapter 7, she insured them for $46,000.00. A month before her 341 Meeting of Creditors, she also made a $23,000.00 insurance claim, after *one* of the earrings was lost.

When the United States Trustee learned of Debtor's omissions, he filed this adversary proceeding to revoke her discharge. For four months, Debtor did nothing: she failed to answer or appear–through counsel or on her own behalf. Instead, she waited

1

until after a default judgment was entered, her discharge was revoked, and creditors began calling about her debts, to move for relief from the judgment under Rule 60(b).

Debtor's only excuse for her failure to take any action is that she could not afford an attorney. Because this reason fails to establish excusable neglect, and Debtor cannot otherwise show she was not culpable, the Court **DENIES** her motion without reaching the meritorious defense or prejudice factors.

## II. STATEMENT OF FACTS

Debtor filed Chapter 13 bankruptcy on June 7, 2015. On her schedules, she listed $970.00 of jewelry, which included a pair of diamond earrings valued at $150.00.

On May 12, 2017, Debtor's fiancé purchased a men's Rolex watch and Debtor's second pair of diamond earrings from Zeidman's pawn shop ("the Zeidman's earrings"). The Zeidman's earrings cost $5,000.00; the pawn shop appraised them for $46,500.00. Debtor insured the Zeidman's earrings with Allstate Vehicle and Property Insurance Company–for the appraised value–on January 18, 2018.[1] Four days later, she converted her case to Chapter 7.

On March 7, 2018, Debtor lost one of the Zeidman's earrings at a water park. She made a $23,000.00 insurance claim with Allstate for the loss on or about March 23, 2018. But a month later, at her 341 Meeting of Creditors, Debtor testified that her schedules

---

[1] Debtor and her fiancé were both named insureds on the Allstate policy, which included the Rolex.

remained true and accurate–no changes were necessary. The Court granted her discharge on May 7, 2018.

Shortly after the discharge was entered, the United States Trustee ("the UST") learned of Debtor's insurance claim for the loss of the Zeidman's earring. The UST also discovered that Debtor had failed to disclose her possible interest in the Rolex. He, therefore, filed this adversary proceeding to revoke Debtor's discharge under 11 U.S.C. §§727(d)(1) and 727(d)(2).

It is uncontested that Debtor received the complaint and her lawyer was electronically served. Debtor failed to answer. The Clerk entered a default, and the Court entered a default judgment. Debtor's discharge was revoked on October 15, 2018.

Four months after being served with the complaint–and only after her creditors initiated collection efforts–Debtor amended her schedules to include the remaining Zeidman's earring. The next day, she moved to set aside the default judgment. On January 31, 2019, she amended her schedules again to include a $75.00 insurance claim Allstate paid for the loss of the Zeidman's earring.[2]

Debtor argued that she failed to schedule the Zeidman's earrings because one was lost soon after purchase, and the remaining earring, alone, would be worth no more than $500.00 if re-sold to the pawn shop or to a private party. Debtor also explained why she failed to answer the complaint or appear: her lawyer in the underlying bankruptcy case

---

[2] During argument on the motion to set aside the default judgment, Debtor's counsel stated that Allstate paid only $75.00 for the Zeidman's earring because–at the time the claim was made–Debtor had only scheduled one pair of diamond earrings worth $150.00.

3

required additional fees to appear in this adversary proceeding, and she could not afford to retain alternate counsel.[3]

**III.   ANALYSIS**

Federal Rule of Civil Procedure 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1).

In determining whether to set aside a default judgment, the Court considers three factors: (1) whether Debtor's culpable conduct led to the default, (2) whether the Debtor has a meritorious defense, and (3) whether the UST will be prejudiced. *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). "[T]he decision to set aside a default judgment is left to the discretion of the trial judge." *Meganck v. Couts (In re Couts)*, 188 B.R. 949, 951 (Bankr. E.D. Mich. 1995). And the Court construes all ambiguous or disputed facts in the light most favorable to the Debtor. *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006).

The Court first considers Debtor's culpability. *See Williams v. Meyer,* 346 F.3d 607, 613 (6th Cir. 2003). "[S]he [must] demonstrate that [her] default was the product of mistake, inadvertence, surprise, or excusable neglect.  It is only when the [Debtor] can

---

[3]Debtor was able to gather sufficient funds to retain counsel for the pending motion.  She lost her job in December of 2017–eight months before she was served with the complaint to revoke her discharge–but provides no information as to when she regained employment.

4

18-04401-mar    Doc 13    Filed 03/06/19    Entered 03/06/19 16:15:41    Page 4 of 6

carry this burden that [s]he will be permitted to demonstrate that [s]he can also satisfy [a meritorious defense and prejudice]." *Waifersong, Ltd. Inc.*, 976 F.2d at 292. Debtor's conduct is culpable if it "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Associates*, 796 F.2d 190, 194 (6th Cir. 1986).

Here, Debtor's conduct led to the default: she made no effort to answer the complaint or otherwise advance the litigation. Where a party's behavior amounts to a deliberate disregard of the proceedings pending against her–and she intentionally chooses to ignore the proceedings–the Court is not obligated to grant relief from a default judgment. *See Waifersong, Ltd. Inc.*, 976 F.2d at 291; *see also Tullock v. Hardy (In re Hardy)*, 187 B.R. 604, 610 (Bankr. E.D. Tenn. 1995) (denying debtor's motion to set aside the default judgment because he had ample time to respond to the complaint).[4]

Debtor's argument that she failed to answer the complaint because she could not afford an attorney does not change the Court's analysis. *See e.g., S.E.C. v. Pitters*, No. 09-20957-CIV, 2011 WL 4527811, at *5 (S.D. Fla. Sept. 28, 2011) ("[i]t is well established that even if a party cannot afford an attorney, he still has a responsibility to appear and defend"); *Cincinnati Specialty Underwriters Ins. Co. v. Albuquerque Navajo Lodge 863 I.B.P.O.E. of W.*, No. 15-572 KG/WPL, 2016 WL 9444447, at *2 (D.N.M. June 17, 2016)

---

[4]This case is distinguishable from *Burrell* in which defendant responded to the complaint with a handwritten letter to the clerk of the court, attempted to contact the clerk several times, and wrote the clerk a second letter. *Burrell v. Henderson*, 434 F.3d 826 (6th Cir. 2006). In that case, the Court found that defendant's repeated (but failed) attempts to advance the litigation constituted excusable neglect. *Id.* at 834.

("the mere fact that [defendant] could not afford an attorney to defend against this lawsuit does not constitute excusable neglect").

Debtor had adequate notice of the action against her but failed to appear through counsel or on her own behalf. Because she fails to show excusable neglect, the Court need not reach the meritorious defense or prejudice factors.

## IV. CONCLUSION

Debtor's only excuse for her failure to act is that she could not afford an attorney. Because this reason fails to establish excusable neglect, and Debtor cannot otherwise show she was not culpable, the Court **DENIES** her motion.

**IT IS ORDERED**.

**Signed on March 06, 2019**



/s/ Mark A. Randon
**Mark A. Randon**
**United States Bankruptcy Judge**